**CLD-183**                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2447
_____

IN RE: JAHAD LEMONS,
                                              Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 2-18-cv-11857)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 12, 2024

Before: KRAUSE, FREEMAN, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: September 25, 2024)
_____

OPINION[*]
_____

PER CURIAM

        Jahad Lemons has filed a petition for a writ of mandamus.  For the reasons that

follow, we will deny the petition without prejudice.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2017, Lemons was sentenced to 240 months in prison after pleading guilty to conspiracy to commit Hobbs Act robbery, Hobbs Act robbery, using and discharging a firearm during a crime of violence, and murder during a crime of violence. In 2018, Lemons filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The Government filed its answer in October 2019. In September 2021, the District Court ordered the Government to send a copy of its answer to Lemons. In April 2022, the District Court ordered the Government to file copies of the transcripts of Lemon's plea and sentencing hearings within 30 days. The Government did not file the transcripts at that time. Besides a notice of appearance filed by the Government in January 2024, the only filings between the District Court's order April 2022 and the filing of the mandamus petition in August 2024 were motions and letters by Lemons.

In his mandamus petition, Lemons requests that we order the District Court to adjudicate his § 2255 motion, reinstate his statute of limitations, and order the Government to follow its orders and serve the complete record in the District Court.

The writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). As a precondition to the issuance of the writ, Lemons must establish that there is no alternative remedy or other adequate means to obtain the desired relief and must demonstrate a clear and indisputable right to the relief sought. Kerr v. U.S. Dist. Court, 426 U.S. 394, 403 (1976). As a general rule, the manner in which a court disposes of cases on its docket is within its discretion. See In re

2

Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Nonetheless, mandamus may be warranted where a District Court's delay is tantamount to a failure to exercise jurisdiction. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

After Lemons filed this mandamus petition in August 2024, the District Court again ordered the Government to provide the transcripts. Thus, the District Court has already ordered the Government to follow its order and file the transcripts in the District Court. On September 6, 2024, the Government filed the transcripts of the guilty plea hearing and the sentencing hearing. See ECF #35.

We deny the request that we order the District Court to reinstate any statute of limitations. Any issues regarding the statute of limitations may be raised on appeal if necessary. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006) (explaining that a petition for a writ of mandamus is not a substitute for an appeal).

As for the request that we order the District Court to adjudicate the § 2255 motion, while we are certainly concerned about the lengthy delays thus far, it appears that the District Court proceedings are back on track. We are confident that the District Court will adjudicate the § 2255 motion in due course.

Accordingly, we will deny the mandamus petition without prejudice to refiling if the District Court does not decide the § 2255 motion within a reasonable time.